UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

ANGIE SERRANO, ET AL.                          CIVIL ACTION

VERSUS                                         NO. 16-15460

OTIS ELEVATOR COMPANY, ET AL.                  SECTION "R" (4)


## ORDER AND REASONS

Defendant Interstate Management Company, LLC moves for summary judgment on plaintiffs Angie Serrano and Nelly Briceno's claims.[1]  In addition to responding to defendant's motion, plaintiffs move the Court to delay or defer consideration of defendant's motion so that plaintiffs can obtain additional discovery.[2]  Federal Rule of Civil Procedure 56(d) governs requests for additional time for discovery before consideration of a pending motion for summary judgment.  It permits a district court to deny or defer consideration of a motion for summary judgment, allow time to take discovery, or "issue any other appropriate order" when "a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition."    Fed. R. Civ. P. 56(d).  Nonetheless, the

---

[1]     R. Doc. 26.
[2]     R. Doc. 32 at 4-5.

party seeking a continuance "may not simply rely on vague assertions that additional discovery will produce needed, but unspecified, facts." *Raby v. Livingston*, 600 F.3d 552, 561 (5th Cir. 2010) (quoting *Sec. & Exch. Comm'n v. Spence & Green Chem. Co.*, 612 F.2d 896, 901 (5th Cir. 1980)). Instead, the party seeking to continue a motion for summary judgment to obtain further discovery must demonstrate (1) "why he needs additional discovery" and (2) "how the additional discovery will create a genuine issue of material fact." *Krim v. BancTexas Grp., Inc.*, 989 F.2d 1435, 1442 (5th Cir. 1993). In other words, the plaintiff must identify specific facts, susceptible of collection, and indicate how those facts "'will influence the outcome of the pending summary judgment motion.'" *McKay v. Novartis Pharm. Corp.*, 751 F.3d 694, 700 (5th Cir. 2014) (quoting *Raby*, 600 F.3d at 561)).

Defendant Interstate asserts it is entitled summary judgment because it argues it is immune to plaintiffs' claims pursuant to the "two-contract theory" under the Louisiana Workers' Compensation Act. Plaintiffs' Rule 56(d) motion points out that plaintiffs have not been given the full contracts at issue, and plaintiffs argue that once they have the full contracts they will have evidence creating a dispute of material fact.

Interstate has not submitted the full Hotel Management Agreement between itself and Canal Place Borrowers, the entity that owns the hotel. In

its previous opposition to plaintiffs' motion to remand, Interstate acknowledged that it had not submitted the full copy, but stated that it did not do so because the agreement contained "financial and proprietary information" which is "confidential in light of the competitive nature of the hotel management industry."[3]

The Court finds that the full copy of the Hotel Management may contain information that could create an issue of material fact as to the applicability of the two-contract theory to this case. Therefore, the Court grants plaintiffs' Rule 56(d) motion in part and will defer consideration of Interstate's motion for summary judgment. Interstate is ordered to submit to plaintiffs, and to file in the record within seven days of the date of entry of this order, a full copy of the Hotel Management Agreement. Interstate may redact confidential financial and proprietary information regarding rates charged, but the rest of the contract, in particular provisions on defense, indemnity, and insurance obligations, must be submitted.

As to the remainder of plaintiffs' Rule 56(d) motion, plaintiffs also argue that "depositions of fact witnesses familiar with plaintiffs' job duties and with the use of the elevator at issue" will demonstrate a genuine issue of fact on whether plaintiffs were injured in the course and scope of their

---

[3]     R. Doc. 9 at 3 n.4.

employment.[4]   As explained in the Court's order on plaintiffs' remand motion, plaintiffs' own statements indicate that their injuries occurred while they were in the course and scope of their employment.[5]   But even if the evidence were ambiguous on this issue, plaintiffs not only fail to identify these fact witnesses or what specific information they would testify to that would create an issue of fact, but also plaintiffs surely possess within their own personal knowledge information on their job duties and the use of the elevator.   Plaintiffs have made no argument as to what information these unidentified witnesses possess that plaintiffs do not, or why their testimony, but not an affidavit from either plaintiff, would create an issue of fact.   As such, plaintiffs' argument that additional discovery will create an issue of fact on course and scope of employment is nothing more than a vague, speculative assertion.

Because Rule 56(d) "does not condone a fishing expedition where a plaintiff merely hopes to uncover some possible evidence of [value]," *Duffy v. Wolle*, 123 F.3d 1026, 1041 (8th Cir. 1997) (internal quotation omitted), the Court will not defer or delay consideration of Interstate's motion so that plaintiffs can depose these unidentified fact witnesses.   *See Jason v. Parish*

---

[4]       R. Doc. 32 at 5.

[5]       *See.* R. Doc. 19 at 13-15.

*of Plaquemines*, No. 16-2728, 2016 WL 4623050, at \*4-5 (E.D. La. Sept. 6, 2016) (denying plaintiff's request to defer consideration of motion for summary judgment because plaintiff gave "nothing more than a 'speculative hope' that discovery might provide plaintiff with information supporting his claims") (quoting *Sweats Fashions, Inc. v. Pannill Knitting Co.*, 833 F.2d 1560, 1567 (Fed. Cir. 1987)).

Thus, plaintiffs' Rule 56(d) motion is GRANTED IN PART solely as to the undisclosed portions of the Hotel Management Agreement. After Interstate submits the full agreement, plaintiffs shall have seven days to brief any new arguments that arise from the submission of the full agreement, but plaintiffs will not be permitted to rehash arguments it has already submitted before the Court. Interstate shall have seven days from the date of plaintiffs' brief to respond. There will be no replies. The remainder of plaintiffs' Rule 56(d) motion is DENIED.

New Orleans, Louisiana, this __26th__ day of April, 2017.

_Sarah Vance_
SARAH S. VANCE
UNITED STATES DISTRICT JUDGE